UNITED STATES BANKRUPTCY COURT
EASTERN DIVISION, DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE<br><br>Zaina Unique Leak<br><br>DEBTOR | Docket No. 19-10396-FJB<br><br>Chapter 13 |
| Zaina Unique Leak, and<br>Sonya R. Swift Leak,<br><br>Plaintiffs,<br>v.<br><br>Herbert W. Turner, Constable; Gavin Castagna, Constable; Massachusetts Housing Finance Agency; Reem Property, LLC; | ADVERSARY PROCEEDING<br><br>No.  19-01033 |

## MOTION FOR PRELIMINARY INJUNCTION

NOW COME Zaina Unique Leak and Sonya R. Swift Leak, by their attorney, and respectfully move the court for a preliminary injunction requiring that they be restored to possession of their home, and for reasons rely on their Verified Complaint, and further state as follows:

1. The above-captioned chapter 13 case was filed on February 2, 2019. Zaina Unique Leak is the debtor and a plaintiff.  Co-plaintiff Sonya Leak is Zaina's mother.
2. Both Zaina and Sonya are presently homeless, but prior to becoming homeless, they lived in a condominium apartment at 152 Callender Street in Dorchester ("the property") at all times relevant to the complaint.
3. Priscilla Graham acquired the property by unit deed executed on December 18, 1990. Graham was Sonya's mother and Zaina's grandmother.
4. The deed is subject to an Affordable Housing and Buildable Lot Deed Rider in favor of the City of Boston.  The Rider has explicit terms concerning foreclosure, among other things, that require notice to the City.
5. She acquired the property with a mortgage loan from Shawmut Mortgage Company dated December 20, 1990, and recorded at the Suffolk Registry of Deeds in Book 16641, page 288.  The mortgage has a similar Affordable Housing rider.
6. According to the mortgage given by Priscilla, the amount of the mortgage loan was $74,575.
7. The term of the mortgage was to expire on January 1, 2021.
8. Upon information and belief, the mortgage was assigned thereafter to defendant Massachusetts Housing Finance Agency ("the Agency"), although such assignment does not appear in the records of the Registry of Deeds.
9. Priscilla Graham died, apparently intestate, on September 16, 2011.
10. A probate Petition for Administration Without Sureties was filed in the Suffolk Probate and Family Court Department.  Sonya and a sister were appointed co-administrators.
11. Sonya's sister lives in Brockton.  From and after Priscilla's death, Sonya lived in the property, and paid the mortgage and all related expenses.

1

12. Zaina became pregnant in 2018. Towards the end of her pregnancy, she moved in with Sonya. On January 22, 2019, she delivered a child in the normal manner.
13. On or about July 11, 2018, an agent of Massachusetts Housing Finance Agency foreclosed the mortgage.
14. Upon information and belief, the foreclosure was conducted without strict compliance with the notice requirements of the promissory note, mortgage and Affordable Housing riders, especially as pertains to notice to the City of Boston. Sonya is informed and believes that the City was never given any notice of the foreclosure, and that the proceeds of the foreclosure sale were not paid over to the City, and in any event were not paid over to Sonya.
15. According to a foreclosure deed recorded in the Suffolk Registry of Deeds, the property was sold to defendant Reem Property, LLC, for $130,000.
16. Thereafter, Reem commenced a summary process action in the Eastern Housing Court, located in Boston.
17. Sonya filed an answer and counterclaim in that action, in which she asserted that the foreclosure was invalid.
18. Due to medical issues (being disabled) and a death in the family, Sonya missed an appearance in Housing Court, and was defaulted. She filed a motion to vacate the default, but that was denied. She also filed an appeal to the Appeals Court, with a motion for a stay, but that motion was denied also.
19. In all of these matters, Sonya was acting *pro se* because she did not have funds to retain an attorney.
20. On January 4, 2019, Sonya was served with a notice from New England Constable Service, signed by defendant Gavin Castagna, stating that they would physical remove her and her family from the property on a date certain.
21. As stated before, Zaina was living with Sonya at the time. Zaina, herself, was never served with such a notice.
22. On January 8, 2019, Zaina filed her first bankruptcy case, docket number 19-10058, acting *pro se*.
23. Inessa Shur, Esq., the attorney for Reem, was notified that the bankruptcy case had been filed at 10:14 a.m.
24. Zaina returned to the property, only to discover that Russell, an employee of defendant Mass. Constable Office, was in the process of taking possession of Zaina and Sonya's personal property.
25. Russell was shown proof of the filing of the bankruptcy petition, but stated that he had "called them and the letter was not valid." Accordingly, Russell and his assistants removed all of Zaina and Sonya's personal property and locked them out of the property.
26. Upon information and belief, the personal property was placed into an allegedly licensed public warehouse in New Bedford, Massachusetts.
27. Because Zaina and Sonya are still homeless, they have not been able to recover their personal property since they have nowhere to take it, and going to New Bedford to recover it presents transportation difficulties in the circumstances.

2

28.   Because Zaina is still nursing her newborn and homeless, she is temporarily on leave from her occupation as a licensed orthopedic massage therapist, and thus has no regular income at present.

ARGUMENT

In determining whether to grant a preliminary injunction, the court weighs four factors:

"(1) the likelihood of success on the merits; (2) the potential for irreparable harm if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest."

Bl(a)ck Tea Society v. City of Boston, 378 F.3d 8 (1st Cir. 2004).  While although the court weighs all four factors, the likelihood of success factor is the most important.  Id. At 15.

Likelihood of success

To meet this factor, Sonya and Zaina need not prove their case, but only show a reasonable likelihood that they will succeed.  A debtor's possession of her home is protected by the automatic stay, even after foreclosure.  In re Kim, 554 BR 304 (Bankr. D. Mass. 2016), *citing at footnote 6,* In re Sullivan, No. 16-12213-MSH, 551 B.R. 868, 869 (Bankr.D.Mass.2016) (*quoting* In re Fitzgerald, 237 B.R. 252, 258 (Bankr.D.Conn. 1999); Cuffee v. Atl. Bus. & Cmty. Dev. Corp. (In re Atl. Bus. & Cmty. Corp.), 901 F.2d 325, 328 (3rd Cir.1990)).

In Zaina's previous case, she filed an adversary proceeding *pro se* in which she requested a preliminary injunction (essentially).  See case number 19-1004.  At a hearing on the request, held on January 30, 2019, counsel for Reem Property, LLC (Inessa Shur, Esq.), appeared by telephone[1].  She did not deny that the constable knew that Zaina had filed a bankruptcy case, only that she was not aware of Zaina's occupancy of the condominium unit.  Knowledge of Zaina's occupancy by Ms. Shur is irrelevant; what matters is that the constable knew that Zaina was occupying the unit and that a bankruptcy case had been filed, but removed her and her mother and their possessions from the unit anyway.  The constable was Reem's agent, so Reem is equally liable to Zaina and Sonya, if only by way of *respondeat superior.*  At the hearing, this court asked, at least twice (albeit possibly hypothetically) how can such actions not be a stay violation?  Hypothetical or not, the undisputed facts strongly support a likelihood of success on a stay violation.

There are other issues that also support a wrongful eviction claim.  A constable named Herbert W. Turner allegedly served a "Request to Provide Occupancy Information" on August 31, 2018, *see attached*.  It does not name the "tenant" allegedly served.  More problematically, the address on the Return of Service indicates that Mr. Turner has an address in Lawrence, Massachusetts. Constables do not have state-wide authority; they may act only within the municipalities that authorize them to do so.  Jessamey v. Norfolk Financial Corporation, 2006 Mass. App. Div. 82 (2006), *citing, inter alia,* Lewis v. Norton, 164 Mass. 209 (1895).  Mail addressed to Mr. Turner at the post office box was returned undeliverable, however the City Clerk for the City of

---

[1] The statements as to what happened at that hearing are based on counsel's memory and a brief review of the audio of the hearing.  See document number 28 in that case.

3

Lawrence has informed the undersigned that Mr. Turner had a street address in Lawrence, and that his commission expired on December 11, 2018. Although it may be that the actual eviction was carried out by another constable, the validity of Mr. Turner's "Request" is in doubt, as is his authority to act in the City of Boston, and the resulting eviction may be tainted by that.

As to the foreclosure, it is well settled that the foreclosing entity must be the mortgagee or its agent. US Bank National Association v. Ibanez, 458 Mass. 637 (2011). In this case, the original Mortgagee was Shawmut Mortgage Company. However, the foreclosing entity was the Mass Housing Finance Agency. The records of the Suffolk County Registry of Deeds do not reflect assignment of the mortgage from Shawmut to MHFA, *see attached*. *See also* Mass.Gen.Laws ch. 244 §14 (requiring assignments be recorded for a foreclosure to be valid). Thus there is substantial doubt that MHFA had the authority to foreclose.

In her answer in the Housing Court, Sonya also alleged that she did not receive the notices required by the mortgage and statutes. Failure to provide them results in the foreclosure being void. Pinti v. Emigrant Mortgage Company, Inc., 472 Mass. 226 (2015). Because all of her property is still in storage, Sonya cannot say with any certainty what notices she actually received. But it is the evicting plaintiff's burden of proof to demonstrate strict compliance with those requirements. Federal Home Loan Mortgage Corporation v. Bartleman, 2017 Mass. App. Div. 41 (2017). Because Sonya was defaulted and MHFA did not file any response to her discovery requests, there is an open question as to the validity of the foreclosure.

The foregoing is not intended to be a complete recitation of the issues raised by the complaint. Rather, it is intended to show that there is a reasonable likelihood of success on at least one part of the complaint. There is little doubt that an automatic stay violation will be proven. Accordingly, Leak has met their burden on this factor.

Potential for irreparable harm

The can be little doubt that Leak have already suffered irreparable harm in the form of having lost their home and been rendered homeless. *See* In re Strayton, 360 BR 8 (Bankr. D. Mass. 2007). Absent a preliminary injunction restoring them to possession, that irreparable harm will continue and be exacerbated.

Balance of hardships

The balance of hardships also tilts in favor of Leak. So far as Leak knows, the property remains vacant, so neither Reem nor an innocent third party will suffer any hardship by Leak being restored to possession. The mortgage was subsidized by MHFA and the monthly payment was approximately $600. Pending resolution of the complaint, the court could order Leak to pay $600 per month to Reem, which would be a form of adequate protection. In addition, a preliminary search of the records of the Suffolk Registry of Deeds does not reflect that Reem has granted a mortgage on the property. Thus it is also adequately protected by the equity in the property.

The hardship being suffered by Leak is far greater than any hardship affecting Reem.

The public interest

As Judge Somma stated in Strayton, *supra*, the public interest is implicated when "adherence to the requisites of public transaction is at issue." In other words, the law (both state and federal) sets forth the rules by which mortgagees and mortgagors, constables, and purchasers

at foreclosure sale must abide.  When they fail to do so, as appears to be the case here, the public interest is honored by penalizing those who do not play by the rules, so to speak.

Thus the public interest favors granting an injunction.

## Conclusion

Indeed, all of the factors that must be considered weigh in favor of granting an injunction requiring that the constable be required to restore Sonya and Zaina to possession.  Accordingly, they request that an injunction be granted.

April 25, 2019

Respectfully submitted,
Zaina Unique Leak and Sonya Leak,
By their attorney,

/s/   *David G. Baker*
David G. Baker, Esq.
236 Huntington Avenue, Room 317
Boston, MA  02115
617-367-4260
BBO# 634889

## CERTIFICATE OF SERVICE

The undersigned states upon information and belief that the within paper was served on the parties named below by the court's CM/ECF system on the date set forth above, except as otherwise stated.

/s/       *David G. Baker*
David G. Baker

Stefanie D. Howell on behalf of Defendant Massachusetts Housing Finance Agency
Stefanie.howell@brockandscott.com, wbecf@brockandscott.com; BKR_NewEngland@brockandscott.com; bkhearingparalegals@brockandscott.com; bksupplementalteam@brockandscott.com

William Parks on behalf of Defendant Reem Property, LLC
will@wparkslaw.com,  wparkslaw@ecf.courtdrive.com

*And upon Gavin Castagna, Constable, at 77 L Street, Boston, MA  02127, by first class mail.*