# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# EASTERN DIVISION

| | |
|---|---|
| In re<br><br>ZAINA UNIQUE LEAK,<br><br>　　　　　　　　　　Debtor<br><br>ZAINA UNIQUE LEAK and<br>SONYA R. SWIFT LEAK,<br><br>　　　　　　　　　　Plaintiffs<br><br>v.<br><br>HERBERT W. TURNER,<br>GAVIN CASTAGNA,<br>REEM PROPERTY, LLC, and<br>MASSACHUSETTS HOUSING FINANCE<br>　　AGENCY,<br><br>　　　　　　　　　　Defendants | Chapter 13<br>Case No. 19-10396-FJB<br><br><br><br><br><br><br>Adversary Proceeding<br>No. 19-1033 |

**MEMORANDUM OF DECISION ON**
**DEFENDANTS' MOTIONS TO DISMISS AND**
<u>**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**</u>

The plaintiffs in this adversary proceeding are the debtor in the present bankruptcy case, Zaina Leak ("Zaina"), and her mother, Sonya Leak ("Sonya"). The defendants are the Massachusetts Housing Finance Agency ("MHFA"), which held a mortgage from Sonya's mother on a condominium and then foreclosed that mortgage; Reem Property, LLC ("Reem"), which purchased the condominium at the foreclosure and then evicted Zaina and Sonya from it; and Herbert Turner ("Turner") and Gavin Castagna ("Castagna"), constables who (the plaintiffs allege) effected the eviction for Reem. The complaint seeks relief in three counts. In Count I, against Reem, Turner, and Castagna, Zaina contends that the eviction violated the automatic stay in an earlier bankruptcy case that Zaina commenced; for this violation Zaina

seeks damages and, against Reem, restoration of her household to possession of the condominium and the removed personalty. In Count II, both Zaina and Sonya seek damages against Reem, Turner, and Castagna for violating their rights under Massachusetts law by the manner in which they stored the plaintiffs' removed possessions. And in Count III, against MHFA alone, Sonya seeks a determination that its foreclosure sale of the condominium was wrongful, for which she seeks damages.[1] The adversary proceeding is before the Court on motions by each of the four defendants to dismiss and a motion by the plaintiffs for a preliminary injunction requiring that they be restored to possession of the condominium pending a final judgment.

a. **Procedural History**

On January 8, 2019, Zaina, acting pro se, filed in this court a petition for relief under chapter 7 of the Bankruptcy Code, thereby commencing Case No. 19-10058 ("the First Case"). For failure of Zaina to comply with an order of the court requiring that she file the matrix [a listing of creditors and their addresses that the Court uses to give notice of the filing to interested parties], the case was dismissed on January 10, 2019. On January 15, 2019, Zaina moved to reinstate the case, but on February 1, 2019, the motion was denied, Zaina having failed to effect service of the motion as the court had directed.

Also on January 15, 2019, Zaina filed in the dismissed case an adversary complaint (thereby commencing Adversary Proceeding No. 19-1004) against Reem and its attorneys. In the complaint, Zaina alleged that shortly after she had filed her bankruptcy petition, Reem had evicted her from the condominium in violation of the automatic stay; the complaint demanded, in addition to damages and attorney's fees, that she be restored to possession of the condominium and her personalty. As the complaint contained a request for emergency treatment, the Court construed it as, in essence, a request for a preliminary injunction, and the Court scheduled a hearing on the same. Though the complaint had

---

[1] In the complaint, Sonya does not also seek avoidance of the transfer. That remedy would require joinder of Reem, the transferee at foreclosure, as a necessary defendant, but the complaint does not name Reem as a defendant with respect to this count.

2

been filed pro se, Zaina was represented by counsel by the time of the hearing on the request for preliminary injunction. After a hearing, the Court denied the motion for preliminary injunction and ordered Zaina to file an amended complaint on or before February 5, 2019. On February 15, 2019, when Zaina still had not filed the required amended complaint, the Court, acting *sua sponte*, dismissed the adversary proceeding for failure to prosecute.

In the meantime, on February 2, 2019, Zaina, now acting through counsel, filed a second bankruptcy petition, this one for relief under chapter 13 of the Bankruptcy Code, thereby commencing Case No. 19-10396, the present case. In the present case, on March 20, 2019, she and Sonya commenced the present adversary proceeding, No. 19-1033, the parties and counts in which are described in the first paragraph of this memorandum. Each defendant has now filed a motion to dismiss as to the counts against it, and the plaintiffs have moved for a preliminary injunction that would restore them to possession. After a hearing on four of the five motions[2] and supplemental briefing, the Court now addresses the motions as follows.

    b.  **The Motion of MHFA to Dismiss**

The Motion of MHFA seeks dismissal of Counts I and II for failure to state a claim on which relief can be granted and dismissal of Count III for lack of subject matter jurisdiction. As to Counts I and II, MHFA effectively seeks not dismissal on the merits but simply clarification that these counts seek no relief against MHFA. In response the plaintiffs have conceded and clarified that Counts I and II seek no relief against MHFA. The Court agrees that Counts I and II seek no relief against MHFA.

As to Count III, MHFA's motion is substantive. By Count III, Sonya[3] seeks a determination that the foreclosure conducted by MHFA of its mortgage on the condominium ("the Property"), in which at

---

[2] The motion to dismiss of Gavin Castagna was filed only after the hearing on the other motions, relied on arguments that had been advanced by Reem and Turner at the hearing, and contained a waiver of further oral argument.  The Plaintiffs' opposition likewise relied exclusively on, and incorporated by reference, the arguments they had advanced in opposition to Reem's.  No further hearing is necessary.

[3] At the hearing, Plaintiffs' counsel clarified that Count III is brought by Sonya alone.

3

the time she was living, was wrongful under Massachusetts law and caused her injury. MHFA seeks dismissal of this count for lack of subject matter jurisdiction. MHFA argues that subject matter jurisdiction is lacking for three reasons.

### i. Standing as to Zaina

The first is lack of standing and is directed against Zaina: that because Zaina had no ownership interest in the Property and was not a borrower on the promissory note that the mortgage secured, Zaina lacks standing to challenge the validity of the foreclosure. Zaina has now clarified that she is not a plaintiff as to Count III. Accordingly, this argument is moot.

### ii. Standing as to Sonya

MHFA also argues that Sonya, too, lacks standing to bring Count III. In support of this argument, MHFA says only that Sonya has filed multiple failed bankruptcy cases (Case Nos. 02-19340, 05-18869, 15-13180, 16-13006) and is now attempting to piggy-back off her daughter's bankruptcy filings. The cited facts—that Sonya has filed multiple petitions for bankruptcy relief and now is seeking relief in her daughter's case—do not establish lack of standing. Sonya purports to have inherited an interest in the Property, which interest, she contends, was extinguished by the foreclosure sale. These facts, if true, would give her a stake in the outcome of this count. MHFA does not (at least by this argument) dispute these facts. And the standing they would establish is not lessened by Sonya's history of bankruptcy filings or the fact that she brings this count in a case in which she is not the debtor. The problems these facts pose for her do not include lack of standing.

### iii. Subject-Matter Jurisdiction as to Sonya

MHFA next argues that Sonya, a non-debtor in this case, lacks standing to bring an action against another non-debtor. Though MHFA frames this argument as one of "standing," in fact the intent behind it is to point out that Count III is between two strangers to the bankruptcy case in which it is brought and

4

therefore falls outside the court's subject matter jurisdiction. In effect, the argument is that Sonya may not bring it *here*, in a case in which she is not the debtor. The Court agrees.

The scope of this court's jurisdiction is defined by 28 U.S.C. § 1334. In relevant part, that section grants to the district courts jurisdiction "of all civil proceedings arising under title 11, or arising in or related to cases under title 11."[4] 28 U.S.C. § 1334(b). Count III does not arise under title 11 (the Bankruptcy Code) or in a case under title 11. The question is thus reduced to whether Count III is "related to" a case under title 11 within the meaning of § 1334(b).

By the widely-accepted test from *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3rd Cir. 1984), "related to" jurisdiction extends to any matter that conceivably may have an effect on the estate in bankruptcy. *Id*. at 994. "[T]he proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id*. This definition, though broad, is still limited.  The mere existence of common issues of fact between a civil proceeding and a controversy involving the bankruptcy estate does not bring the matter within the scope of "related to" jurisdiction. *Id*.  Nor can judicial economy bring a matter within "related to" jurisdiction. *Id*.

Here, it is undisputed that Sonya is not the debtor in this bankruptcy case, that the property that was foreclosed on was not Zaina's, that there exists no debtor-creditor relationship between Zaina and MHFA, and that Count III will not affect any debt of the debtor to MHFA.  Sonya nonetheless maintains that this case falls within the Court's "related to" jurisdiction because, her attorney argued, "reversing the wrongful foreclosure and resulting wrongful eviction will benefit Zaina just as much as Sonya, if not more since Zaina is now caring for a newborn child while living in a homeless shelter, and since it will

---

[4] The proceedings within this jurisdiction are generally assigned by the various district courts to the bankruptcy courts for their respective district, see 28 U.S.C. § 157(a), but even as to proceedings referred to the bankruptcy court, the source of jurisdiction is § 1334.

5

result in them having a home. That is a concrete and actual benefit to Zaina that would have a material effect on the bankruptcy estate." For two reasons, this reasoning does not suffice to establish that the resolution of Count III is somehow related to Zaina's bankruptcy case within the meaning of § 1334(b). First, it is not enough to say that the supposed benefit to Zaina of restoring her to possession of the Property as her home "would have a material effect on the bankruptcy estate." Zaina does not specify an effect *on the case*, and no effect is evident. Second, the proposition that reversing the foreclosure would restore Sonya, and with her Zaina, to the Property as their home is highly speculative. As pled, Sonya's Count III does not even seek avoidance of the foreclosure sale. But if she were to amend it to demand that relief and prevail, she would then, in order to avert another almost immediate foreclosure, have to cure the gross and growing mortgage arrearages that led to the foreclosure in the first place. She does not contend she now has the wherewithal to cure those arrearages (either through bankruptcy or outside of it), and her four failed bankruptcy filings give cause to believe that she has no real solution to this fundamental problem. In short, it is hardly clear that Sonya's success on Count III would provide a home in the Property for Zaina. For both reasons, I find no relation of Count III to this bankruptcy case within the meaning of § 1334(b), and I conclude that Count III must be dismissed for lack of subject matter jurisdiction.

    c. **The Motion of Reem to Dismiss**

        i. **Count I**

Reem is a defendant in Counts I and II and, by its motion to dismiss, seeks dismissal of both. I begin with Count I. In this count Zaina (and Zaina alone) contends that Reem violated the automatic stay by evicting her from the Property during the First Case without first having obtained relief from the automatic stay to do so; for this violation, which she alleges was knowing and willful, Zaina seeks damages and restoration to possession of the Property and her removed personalty. In the complaint, Zaina does not indicate the particular part or parts of the automatic stay she contends the eviction

violated. Assuming that the complaint alleged a violation of only part (a)(3), which stays "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate," 11 U.S.C. § 362(a)(3), Reem argues that Count I should be dismissed because the injury (if any) from a violation of that part of the stay is to the estate, and, in a chapter 7 case (the First Case was filed under Chapter 7), only the chapter 7 trustee has possession of the estate and standing to seek redress for injury to it. At the hearing on this motion, Zaina's attorney, considering the issue for the first time, stated that the eviction violated parts (a)(1), (2), and (3) of the stay. See 11 U.S.C. § 362(a)(1), (2), and (3).

For the following reasons, I will deny dismissal for lack of standing. First, a debtor can claim property of the estate as exempt, and a seizure of property of the estate in violation of the automatic stay can interfere with a debtor's ability to claim that property as exempt. Also, the stays in subsection (a)(1) and (2) expressly protects the debtor. 11 U.S.C. § 362(a)(1) (staying the continuation of an action or proceeding "against the debtor" that was or could have been commenced before the commencement of the case) and (a)(2) (staying "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case"). If either applies here, the debtor would clearly have standing to seek redress for a violation. For these reasons, Zaina has standing as to these subsections. I do not now rule that Zaina has stated a claim under any one of these subsections, only that the pleaded count does not fail for lack of standing.

    **ii. Count II as to Sonya**

In Count II, Sonya and Zaina seek damages under MASS. GEN. LAWS ch. 93A, § 2, for Reem's having violated MASS. GEN. LAWS ch. 239, § 4 by having stored their removed personalty at a location outside a 20-mile radius from the Property. Reem seeks dismissal of this count on three grounds.

The first applies to Sonya alone. As to Sonya, Reem argues that this count should be dismissed for lack of subject matter jurisdiction, as Sonya's claim under these state statutes would have no effect

7

on the bankruptcy estate. The essence of this argument is again that Sonya's claim against Reem is not "related to" Zaina's present bankruptcy case within the meaning of 28 U.S.C. § 1334(b). The Court agrees. Sonya could articulate no effect of her Count II claim on Zaina's bankruptcy case, and none is evident. The mere existence of common issues of fact between a civil proceeding and a controversy involving the bankruptcy estate does not bring the matter within the scope of "related to" jurisdiction. *Pacor, Inc. v. Higgins*, 743 F.2d at 994. Nor can judicial economy bring a matter within "related to" jurisdiction. *Id*. I therefore reject Sonya's suggestion, made at the hearing on this motion, that I should exercise "pendant" jurisdiction: in other words, that for convenience, owing to commonality of facts, I should exercise jurisdiction over a matter as to which I have none. I know of no basis for doing so and have been cited to none. I conclude that Sonya's Count II claim should be dismissed for lack of subject matter jurisdiction.

### iii. Count II as to Zaina

Reem's remaining arguments concern Count II as pled by Zaina, as to which Reem seeks dismissal on two grounds. Reem first argues that Count II is made under MASS. GEN. LAWS ch. 93A and fails under that statute because Zaina failed to serve a demand letter on Reem for the conduct she now complains of, which demand letter is a statutory prerequisite to any action under ch. 93A. See MASS. GEN. LAWS ch. 93A, § 9(3). The complaint does not allege satisfaction of this requirement, and Zaina concedes that she sent no demand letter. Zaina nonetheless maintains that this is not fatal to her claim under ch. 93A because, she argues, under the particular interrelation of ch. 93A and ch. 239, § 4, it is sufficient that she plead and prove only the requirements of ch. 239, § 4, and provided she does so, she is entitled to the relief afforded by ch. 93A without having to satisfy its separate requirements, including that of a demand letter.

The relation of ch. 93A and ch. 239, § 4 is set forth in ch. 239, § 4(h), which in its entirety states:

> Notwithstanding any civil penalty imposed pursuant to subsection (g),
> the defendant may petition the court in which the summary process

>action was heard for damages or injunctive relief in connection with any violation of this section. A violation of this section shall also be a violation of section 2 of chapter 93A.

MASS. GEN. LAWS ch. 239, § 4(h). From this subsection, four things are evident. First, a defendant in an eviction action seeking relief for violation of ch. 239, § 4(a) may seek that relief directly under ch. 239, § 4. MASS. GEN. LAWS ch. 239, § 4(h) ("the defendant may petition the court in which the summary process action was heard for damages or injunctive relief"). She need not do so through ch. 93A. Second, such a defendant may also, or in the alternative, seek relief under ch. 93A. Third, a violation of ch. 239, § 4 "shall also be a violation of section 2 of chapter 93A." MASS. GEN. LAWS ch. 239, § 4(h). Section 2 of ch. 93A is the section of that chapter in which unfair or deceptive acts or practices in the conduct of any trade or commerce are declared unlawful. By declaring that "[a] violation of this section shall also be a violation of section 2 of chapter 93A," subsection 4(h) of ch. 239 essentially states that a violation of ch. 239, § 4 is *per se* an unfair or deceptive act or practice in the conduct of any trade or commerce in and for purposes of ch. 93A. And fourth, nothing in subsection 4(h) purports to entitle an individual seeking redress under ch. 93A for a violation of ch. 239, § 4 to any other advantage under ch. 93A. It does not otherwise alter the requirements of ch. 93A, § 9[5] in general or its requirement of a demand letter in particular.[6]

It follows from these observations that Zaina's failure to send a demand letter as required by ch. 93A, § 9(3) is fatal to Count II insofar as through that count she seeks relief under ch. 93A. However, Count II is and may also be brought directly under ch. 239, § 4, and her failure to send a ch. 93A demand

---

[5] Section 9 is the section of ch. 93A that regulates how "[a]ny person, other than a person entitled to bring action under section eleven of this chapter, who has been injured by another person's use or employment of any method, act or practice declared to be unlawful by section two" may seek recourse for the same. MASS. GEN. LAWS ch. 93A, § 9.

[6] Nor has Zaina cited any other provision in ch. 239, § 4—or indeed in any other statute or case law—that would provide a party aggrieved by a violation of ch. 239, § 4 with a leg up, so to speak, under ch. 93A, § 9.

9

letter is of no moment concerning the relief she may have under ch. 239, § 4. Reem's motion to dismiss will accordingly be allowed as to Count II insofar as, through it, Zaina seeks relief under ch. 93A.

Reem also seeks dismissal of Count II for the further reason that the facts pled in support of it do not make out a violation of ch. 239, § 4. In the alternative, Reem argues that the Court should abstain under 28 U.S.C. § 1334(c)(1) from exercising jurisdiction over this count on two grounds: Zaina failed to avail herself of the statutory mechanism by which she might have averted the harm of which she now complains; and there being case law as to what a "reasonable distance" means in ch. 239, § 3, this Court should abstain out of respect for state authority.

The Court agrees that there is cause here to abstain and accordingly will not rule on the 12(b)(6) challenge by Reem to Count II as pled by Zaina. First, the issue that Reem raises is one to which there is no clear answer in Massachusetts case law. Second, the rights of Zaina (if any) under ch. 239, § 4(h) against Reem and against the two constable defendants are anything but obvious.[7] Third, insofar as Zaina may have rights under ch. 239, § 4(h) against Reem or the constable defendants, those rights may be determined in the eviction action from which they arose. MASS. GEN. LAWS ch. 239, § 4(h) ("the defendant may petition the court in which the summary process action was heard for damages or injunctive relief in connection with any violation of this section"). Under 28 U.S.C. § 1334(c)(1), a court exercising bankruptcy jurisdiction as to a particular proceeding that is related to a case under the Bankruptcy Code may, in its discretion, abstain from hearing that proceeding "in the interest of justice, or in the interest of comity with State courts or respect for State law." The Court concludes that abstention is warranted here in the interests of comity with Massachusetts courts and respect for Massachusetts law. The Court will accordingly abstain as to Count II as pled by Zaina against Reem.

---

[7] Section 4 places obligations on "an officer," such as a police officer or constable. Reem is not an officer. And section 4(h) creates rights of redress for "the defendant," meaning the defendant in an eviction action, but Zaina does not contend that she was a defendant in Reem's eviction action. Reem contends she was not and maintains it was never told she was an occupant until the officer arrived to evict her mother.

    d. **The Motions of Herbert Turner and Gavin Castagna to Dismiss**

Herbert Turner and Gavin Castagna, who are defendants in Counts I and II, seeks dismissal of both counts on the same grounds as Reem advanced in support of its own motion to dismiss and on the further basis of res judicata.

I begin with Count II. On Count II as brought by Sonya against Reem, I determined that Count II is not within this court's "related to" jurisdiction and therefore must be dismissed for lack of subject matter jurisdiction. For the same reasons, the same is true of Count II as brought by Sonya against Turner and Castagna.

On Count II as brought by Zaina against Reem under ch. 93A, the Court determined that, for lack of a required demand letter, the complaint failed to state a claim on which relief could be granted under ch. 93A. Zaina also concedes that she did not send a demand letter to Turner or Castagna. For the same reason as the lack of a demand letter required dismissal of Count II's demand for relief under ch. 93A against Reem, I now conclude that it also requires dismissal of Count II's demands for relief under ch. 93A against Turner and Castagna.

On Count II as brought by Zaina against Reem under MASS. GEN. LAWS ch. 239, § 4(h), the Court determined it would abstain under 28 U.S.C. § 1334(c)(1). For the same reasons, the Court will abstain on Count II as brought by Zaina against Turner and Castagna under MASS. GEN. LAWS ch. 239, § 4(h).

This leaves only Count I, which is brought by Zaina alone and which survived the arguments made by Reem in its motion to dismiss. Turner and Castagna seek dismissal of Count I as against them on the basis of res judicata, an affirmative defense. They argue that the dismissal of Zaina's complaint in Adversary Proceeding No. 19-1004 against Reem for violation of the automatic stay by evicting her from the Property was a dismissal with prejudice that now precludes Zaina's claims for violation of the automatic stay against them. They argue that, because they were acting as agents of Reem in the acts of which Zaina complains, they are in privity with Reem. Zaina makes five arguments in opposition: that res

11

judicata, being an affirmative defense, is not appropriately brought by a motion to dismiss; that even if Turner and Castagna carried out the acts in issue as agents of Reem, that would not establish a privity relationship between them for purposes of res judicata; that the dismissal of the prior complaint for non-prosecution was in fact a dismissal for lack of jurisdiction and therefore not a decision on the merits; that, at the time of dismissal, the court in fact lacked subject matter jurisdiction over the prior complaint; and that the dismissal of the prior complaint for non-prosecution was not a dismissal with prejudice because the dismissal occurred without a prior motion to dismiss.

Because the judgment in question was issued by a federal court, the preclusive effect of that judgment is governed by federal law. Under federal law, "a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were raised or could have been raised in that action." *Apparel Art Int'l, Inc. v. Amertex Enterprises Ltd.*, 48 F.3d 576, 583 (1st Cir. 1995) (emphasis added). This is the doctrine of res judicata, also known as claim preclusion. Its essential elements are "(1) a final judgment on the merits in an earlier action; (2) an identity of parties or privies in the two suits; and (3) an identity of the cause of action in both the earlier and later suits." *F.D.I.C. v. Shearson-Am. Exp., Inc.*, 996 F.2d 493, 497 (1st Cir. 1993), quoting from *Kale v. Combined Insurance Co. of America*, 924 F.2d 1161, 1165 (1st Cir.), cert. denied, 502 U.S. 816, 112 S.Ct. 69, 116 L.Ed.2d 44 (1991).

Adversary Proceeding No. 19-1004 was brought by Zaina against Reem, not against either Turner or Castagna. In it, Zaina sought a remedy against Reem for its alleged violation of the automatic stay. Zaina argues that the judgment dismissing the earlier action can have no preclusive effect on her present claims for violation of the automatic stay against Turner or Castagna because they are not in privity with Reem. The Court agrees that privity is lacking and that res judicata does not apply for that reason. The fact that one may have been acting as agent for another does not create privity. But res judicata does not apply here for a further reason: that the claims now being asserted against Turner and Castagna are not the same claims as Zaina earlier asserted against Reem. Earlier, Zaina sought a

12

determination of Reem's liability for its violaton of the stay. In the present counts, Zaina seeks a determination of Turner's and Castagna's liability for their alleged violations of the stay. Even if Reem had no liability except as principal for the acts of Turner and Castagna as its agents, and even if the liability of principal and agents were coextensive and joint and several, still the liability of Reem is different than the liability of either (or both) Turner and Castagna. For these reasons, res judicata does not preclude the Count I claims of Zaina against Turner and Castagna, and the motions of Turner and Castagna will be denied as to Count I.

  e. **Plaintiffs' Motion for Preliminary Injunction**

By their joint motion for preliminary injunction, Sonya and Zaina seek a preliminary injunction restoring them to possession of the Property pending a final decision on the merits. Because Reem is at present the holder of title to the property, the motion is aimed at Reem alone.[8] And this motion is based on Count I of the complaint, the count by which Zaina seeks a determination that Reem's eviction of her was a violation of the automatic stay.

I first consider this motion as brought by Sonya. Sonya clarified at the hearing on the above motions to dismiss that Count I is brought by Zaina alone. It follows that Sonya is entitled to no relief under Count I; *a fortiori*, she has no likelihood of prevailing on its merits.[9] The first and most important obligation of a party seeking a preliminary injunction is to show a reasonable likelihood of prevailing on the merits. Where it is clear that she has *none*, the other considerations are of no moment, and injunctive relief should be denied. *Bl(a)ck Tea Soc'y v. City of Boston*, 378 F.3d 8, 15 (1st Cir. 2004) (likelihood of success is an essential prerequisite for the issuance of a preliminary injunction); *New*

---

[8] No other defendant has title or could give the plaintiffs possession, and restoring them to possession would affect no other defendant.

[9] The result would be the same if Sonya were a plaintiff in Count I. Nothing in the automatic stay prevented Reem from evicting Sonya. The protections of the automatic stay extend to the debtor and to property of the estate. Sonya was not the debtor in Zaina's earlier bankruptcy case. And the Property was not property of Zaina's estate. Even if Zaina's bare possession could be deemed protected by the stay (not because any interest in the Property belonged to the estate, but because relief from the stay would be required before proceeding to evict her), Sonya's possession could not.

13

*Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002) ("The sine qua non of this four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity."). Accordingly, I will deny the motion as brought by Sonya.

That leaves the motion for preliminary injunction as brought by Zaina, who *is* a plaintiff in Count I. On a motion for preliminary injunction, a court must consider four factors: "(1) the movant's probability of success on the merits, (2) the likelihood of irreparable harm absent preliminary injunctive relief, (3) a comparison between the harm to the movant if no injunction issues and the harm to the objectors if one does issue, and (4) how the granting or denial of an injunction will interact with the public interest." *Id*. 8–9.

I begin with Zaina's likelihood of success on the merits. As to this count, Reem has indicated that it intends to raise the affirmative defense of res judicata.[10] Reem contends that the earlier judgment satisfies the three requirements for the application of res judicata: (1) a final judgment on the merits in an earlier action; (2) an identity of parties or privies in the two suits; and (3) an identity of the cause of action in both the earlier and later suits. Zaina does not dispute that the earlier action involved the same parties and the same cause of action or that the judgment was a final one. However, for two reasons, Zaina disputes that the judgment was *on the merits*: that it did not result from the process prescribed in Fed. R. Civ. P. 41(b); and that in fact the dismissal was for lack of subject matter jurisdiction (notwithstanding that the Court indicated otherwise).

Rule 41(b) of the Federal Rules of Civil Procedure states as follows:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack

---

[10] It is unclear why Reem did not advance it as a basis of its motion to dismiss, but failure to do so does not preclude Reem from raising it in its answer.

14

> of jurisdiction, improper venue, or failure to join a party under Rule 19--
> operates as an adjudication on the merits.

Zaina argues that because the dismissal of the earlier adversary proceeding was not entered on a motion to dismiss for nonprosecution, it was not a dismissal under subdivision (b) and consequently not on the merits. This argument is based on a misreading of subdivision (b), which states that not only dismissals under subdivision (b) but also "any dismissal not under this rule," save for three exceptions, operates as a dismissal on the merits unless the dismissal order states otherwise. Here the dismissal order did not state otherwise, and two of the three exceptions clearly do not apply: the dismissal was neither for improper venue nor for failure to join a party under Rule 19.

Zaina's second argument against giving preclusive effect of the earlier judgment is that the third exception *does* apply here: that the earlier judgment was in fact for lack of subject matter jurisdiction, notwithstanding that the Court stated in the order of dismissal that its basis was failure to prosecute. I begin by rejecting Zaina's suggestion that the Court misstated its reason for dismissal: the Court dismissed for nonprosecution and intended to dismiss on that basis and no other. Zaina contends that the Court nonetheless lacked subject matter jurisdiction at the time because, when the order of dismissal entered, Zaina's first bankruptcy case had been dismissed. The unstated assumption here is that a bankruptcy court's subject matter jurisdiction over a complaint to redress a violation of the automatic stay is contingent on the continuation—the non-dismissal—of the case in which the violation occurred. The assumption is contrary to law. Bankruptcy jurisdiction extends to (among other things) "all civil proceedings arising under title 11." 28 U.S.C. § 1334(b); see also 28 U.S.C. § 157(a), pursuant to which the district court may refer, and the District Court for the District of Massachusetts has referred, "all proceedings arising under title 11" to the bankruptcy judges for the district. A complaint under 11 U.S.C. § 362(k)(1) for violation of the stay in 11 U.S.C. § 362(a), the so-called "automatic stay," is manifestly a civil proceeding arising under title 11. Nothing in § 1334(b) makes the jurisdiction conferred under that clause contingent on the continuation of the case in which the controversy arose. It is

15

enough here that there was a bankruptcy case that gave rise to the automatic stay (see 11 U.S.C. § 362(a)) that the plaintiff contends was violated during the pendency of the case. The Court had subject matter jurisdiction.[11] Accordingly, I see no reason why the earlier judgment is not a disposition on the merits that precludes relitigation of the claim it disposed of, now being reasserted in Count I. Zaina is therefore not likely to prevail on the merits.

The strength of this conclusion is enough to make consideration of the other factors in the preliminary injunction analysis unnecessary, but for the following reasons, I find that they do not strengthen Zaina's case for a preliminary injunction.

First, although the homelessness that resulted from the eviction is certainly an injury, Zaina did not file this motion for preliminary injunction for some three and a half months after it occurred. A court has less ability to preserve the status quo when, by her delay (whatever its cause), the plaintiff has permitted the status quo to change considerably, which is what has happened here. The unit to which she seeks to be restored is undergoing renovation and is not fit for occupancy.

Second, Zaina claims no right to occupy the Property, only a right not to be dispossessed without relief from the stay and compliance with state-law procedures for eviction. She has no lease with Reem and never did. Restoration to possession would be at best a very temporary fix for her, one that would not realistically avert the homelessness that by this motion she seeks to abate.

Third, as plaintiffs' counsel repeatedly indicated at the hearing, the plaintiffs' chance of accomplishing restoration of possession requires not just prevailing on Count I but also on Sonya's claim against MHFA in Count III—that is, they must succeed in restoring title to Sonya, because they have no right to occupancy under Reem's ownership. But for reasons stated above, Count III will be dismissed for lack of subject matter jurisdiction. And Zaina has not established that Sonya is likely to prevail on Count

---

[11] If the Court were deprived of jurisdiction by and upon dismissal of the bankruptcy case in which the dispute arose, the Court would, for that same reason, lack subject matter jurisdiction over Count I of the present adversary proceeding, too.

16

III should she refile it in a forum of competent jurisdiction, which in any event she has not done. Also, success on Count III might restore title to Sonya (though she did not ask for that remedy here), permitting her to live there for a time; but again the fix would be at best temporary, because Sonya would still be faced with the huge mortgage arrearages that precipitated the foreclosure, and it would be only a short time before MHFA would foreclose again. Despite multiple bankruptcy filings, Sonya has shown no ability to address the arrearage problem.

Fourth, nowhere in the motion for preliminary injunction does Zaina indicate that she (or Sonya) has the wherewithal to pay, or would pay, the cost of use and occupancy—which Reem places at $2,000 per month for the unit upon its renovation—as a condition of restoration to possession (if there were cause to restore her to possession at all). I conclude that they could not pay use and occupancy for the duration, or any part of, the preliminary injunction, and that this in itself is cause to find that granting of the requested injunction would result in considerable injury to Reem.

For these reasons, the Court will deny the motion for preliminary injunction.

f. **Conclusion**

Separate orders will enter in accordance with the above dispositions of the five motions.

Date: August 20, 2019

_____
Frank J. Bailey
United States Bankruptcy Judge

17