## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF MASSACHUSETTS

### EASTERN DIVISION

| | |
|---|---|
| **In re** | |
| **ZAINA UNIQUE LEAK,** | **Chapter 13** |
| | **Case No. 19-10396-FJB** |
| **Debtor** | |
| **ZAINA UNIQUE LEAK and** | |
| **SONYA R. SWIFT LEAK,** | |
| **Plaintiffs** | |
| **v.** | **Adversary Proceeding** |
| | **No. 19-1033** |
| **HERBERT W. TURNER,** | |
| **GAVIN CASTAGNA,** | |
| **REEM PROPERTY, LLC, and** | |
| **MASSACHUSETTS HOUSING FINANCE** | |
| **AGENCY,** | |
| **Defendants** | |

**MEMORANDUM OF DECISION AND ORDER ON**
**MOTION OF REEM PROPERTY LLC FOR JUDGMENT ON THE PLEADINGS**

Defendant Reem Property, LLC ("Reem" or "Movant") has moved for judgment on the pleadings

under Fed. R. Civ. P. 12(c), made applicable to this case by Fed. R. Bankr. P. 7012(b), against plaintiff

Zaina Unique Leak (the "Debtor") with respect to Count I of her complaint. The basis of the motion is

Reem's affirmative defense of res judicata, also known as claim preclusion. The relevant facts are

uncontested and easily ascertained by reference to the docket.

The Debtor filed a chapter 7 case on January 8, 2019 (the "First Bankruptcy," No. 19-10058),

which case was dismissed on January 10, 2019.  On January 15, 2019 and in the First Bankruptcy, the

Debtor, acting pro se, commenced an adversary proceeding (the "First AP") against Reem and others,

seeking redress for, among other things, a violation of the stay in 11 U.S.C. § 362(a), the so-called

automatic stay. Specifically, she alleged that during the First Bankruptcy, on or about January 8, 2019,

Reem, as owner of the premises in which she was then residing, took steps to evict her and thereby

violated the stay. Although the First Bankruptcy had been dismissed for the Debtor's failure to file the

required matrix of creditors, because the First AP sought damages for violation of the automatic stay,

the court had continuing subject matter jurisdiction to adjudicate the First AP.  The Debtor hired counsel

who filed an appearance in the First AP on January 28, 2019.  On January 30, 2019, the court ordered

the Debtor to file an amended complaint by February 5, 2019. The Debtor failed to comply with that

order; and consequently, on February 15, 2019, the court dismissed the First AP for failure to prosecute.

The dismissal was not appealed.

On February 2, 2019, the Debtor commenced her present chapter 13 case (the "Second

Bankruptcy," No. 19-10396), and on March 20, 2019, she filed the complaint commencing the present

adversary proceeding against Reem and others (the "Second AP", No. 19-1033). In Count I of this

complaint, the Debtor again seeks damages for Reem's alleged violation of the automatic stay by its

efforts to evict her on January 19, 2019. Reem previously moved to dismiss this complaint under Fed. R.

Civ. P. 12(b)(6), arguing only that the Debtor lacked standing to bring the stay violation claim. I denied

that motion as to Count I, finding that the Debtor had standing, but I made clear that the ruling at that

time addressed only the issue of standing.  The second and only other count addressed to Reem, Count

II, alleged certain state law statutory business torts.  I have abstained as to Count II. Accordingly, Count I,

as to the stay violation, is the only count that remains as to Reem.

Reem now argues it is entitled to judgment on Count I on the basis of res judicata. Specifically,

Reem argues that under Fed. R. Civ. P. 41(b) (made applicable to adversary proceedings by Fed. R.

Bankr. P. 7041), the order dismissing the First AP for nonprosecution operated as an adjudication on the

merits of the stay violation claim, barring the Debtor from bringing that claim again.  Reem further

argues that the dismissal should be deemed an adjudication on the merits because Fed. R. Civ. P. 41(b) specifies that, subject to exceptions not applicable here, "a dismissal under this subdivision (b)," which expressly includes dismissals for failure to prosecute or to comply with a court order, "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b), made applicable by Fed. R. Bankr. P. 7041.

Reem's argument is rooted in the doctrine of res judicata. "Federal law principles of res judicata govern the preclusive effect of a prior federal court's judgment on a subsequent action brought in federal court." *Apparel Art Int'l, Inc. v. Amertex Enterprises Ltd.*, 48 F.3d 576, 582 (1st Cir. 1995), citing *In re El San Juan Hotel Corp.*, 841 F.2d 6, 9 (1st Cir.1988). "Under the federal law of res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were raised or could have been raised in that action." *Apparel Art Int'l, Inc.*, 48 F.3d at 583, citing *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 414–15, 66 L.Ed.2d 308 (1980) and *González v. Banco Cent. Corp.*, 27 F.3d 751, 755 (1st Cir.1994). "For a claim to be precluded, the following elements must be present: 1) a final judgment on the merits in an earlier suit; 2) sufficient identicality between the causes of action asserted in the earlier and later suits; and 3) sufficient identicality between the parties in the two suits." *Apparel Art Int'l, Inc.*, 48 F.3d at 583. On this much the parties agree.

The Debtor argues that res judicata does not apply for two reasons. With respect to the first requirement, the Debtor, while conceding that the judgment of dismissal is final, contends that because it was entered for nonprosecution, not on the basis of an adjudication of the merits, it was therefore not "on the merits" for purposes of res judicata. And citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 503, 121 S. Ct. 1021, 1025, 149 L. Ed. 2d 32 (2001), she further argues that Rule 41(b)'s treatment of a particular dismissal as operating as an adjudication on the merits does not necessarily make that dismissal "on the merits" for purposes of res judicata. And with respect to the second requirement, she argues that the cause of action asserted in the earlier suit is not identical to the

3

present count for violation of the automatic stay. The Debtor does not dispute, and I find, that the third requirement is satisfied: the parties to the two suits, she and Reem, are identical.

**DISCUSSION**

Res judicata is an affirmative defense and, as such, not suited to resolution through a motion for judgment on the pleadings. However, the facts are not in dispute, the Debtor has not objected to the procedure, and the Court discerns no prejudice. Therefore, the Court will proceed to resolve the issue on the present motion. *In re Sonus Networks, Inc., S'holder Derivative Litig.*, 499 F.3d 47, 56 (1st Cir. 2007) (res judicata is an affirmative defense, but where the defendant has raised the question on a motion to dismiss, the plaintiff does not object to the procedure, and the court discerns no prejudice, the issue may be resolved on such a motion).

     i.     **"On the Merits"**

I first address whether the dismissal of the earlier suit was a judgment on the merits. Rule 41(b), which undisputedly applied to the earlier proceeding, states as follows:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 —operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Under this subsection, any dismissal order, except only one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19, operates as an adjudication on the merits unless the dismissal order states otherwise. The dismissal order in the First AP did not state otherwise, and the dismissal entered for failure to prosecute and to comply with a court order, not for lack of jurisdiction, improper venue, or failure to join a party under Rule 19.  Pursuant to Rule 41(b) then, the dismissal operated as an adjudication on the merits.

The Debtor argues that the dismissal should nonetheless not be treated as one "on the merits" for purposes of res judicata analysis. She cites to *Semtek* for the proposition that it is not necessarily true that a judgment characterized as "on the merits" by Rule 41(b) is entitled to claim-preclusive effect.

*Semtek* presented the issue of whether the dismissal on statute of limitations grounds of a diversity action by a federal district court applying California law precluded the plaintiff from bringing the same claim later in a Maryland state court under Maryland law, which had a longer statute of limitations.  The Supreme Court ruled that it had been error for the Maryland court to treat the first judgment as preclusive. On the way to that conclusion, the Court had to determine whether Rule 41(b) controlled the characterization of the California dismissal. In relevant part, the Court held that Rule 41(b) was not controlling.  "In short, it is no longer true that a judgment 'on the merits' is necessarily a judgment entitled to claim-preclusive effect; and there are a number of reasons for believing that the phrase 'adjudication upon the merits' does not bear that meaning in Rule 41(b)." *Semtek*, 531 U.S. at 503, 121 S. Ct. at 1025. The Court concluded that the characterization in Rule 41(b) was not conclusive for purposes of res judicata.  The Court held that the dismissal had been preclusive as to the court that issued the judgment but not necessarily as to other courts. *Semtek*, 531 U.S. at 506, 121 S. Ct. at 1027. ("We think, then, that the effect of the 'adjudication upon the merits' default provision of Rule 41(b)— and, presumably, of the explicit order in the present case that used the language of that default provision—is simply that, unlike a dismissal 'without prejudice,' the dismissal in the present case barred refiling of the same claim in the United States District Court for the Central District of California. That is undoubtedly a necessary condition, but it is not a sufficient one, for claim-preclusive effect in other courts.").

*Semtek* does stand for the proposition that Rule 41(b) is not dispositive as to the characterization of a judgment (as "on the merits" or not) for purposes of res judicata. Nonetheless, even without placing dispositive weight on Rule 41(b), "penalty dismissals"—such as for failure to

5

prosecute or to obey an order of the court—are generally treated as preclusive for purposes of federal res judicata.

> Penalty dismissals provide a category in which there is little need to venture beyond Civil Rule 41(b) in search of preclusion answers. Rule 41(b) provides that unless the dismissal order states otherwise, dismissals for failure to prosecute, to comply with the civil rules, or to comply with a court order operate as an adjudication on the merits. The purpose of this provision is to establish a strong sanction to enforce compliance with proper procedure. Quite apart from Rule 41(b), this purpose of itself would suggest that penalty dismissals often should preclude a second action on the same claim.

18A C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4440 (re "On the Merits"—Penalty Dismissals) (3d ed.). See also Restatement (Second) of Judgments § 19 (1982), comment (e): "The rule stated in this Section," that a valid and final personal judgment rendered in favor of the defendant bars another action by the plaintiff on the same claim, "is applicable to a judgment for defendant based on the failure of the plaintiff to prosecute his claim with diligence, to obey an order of the court, or to appear at the appointed time."  The cases are in accord. See, e.g., *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775 (6th Cir. 2009) (where action was dismissed under Rule 41(b) "for lack of progress," claim preclusion barred second action arising out of the same events); *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, (9th Cir. 2001) (dismissal with prejudice for failure to prosecute deemed preclusive; "involuntary dismissal generally acts as a judgment on the merits for the purposes of res judicata," citing *United States v. Schimmels (In re Schimmels)*, 127 F.3d 875, 884 (9th Cir. 1997). This general rule is not without exception, but the Debtor has offered no reason to take her case out of its general operation. I conclude that the dismissal was on the merits for purposes of res judicata.

ii.    **Same or Different Causes of Action**

The Debtor next argues that res judicata should not apply because the cause of action she pleads against Reem in the Second AP is different from the cause of action she pled against Reem in the First AP.  This is plainly not the case.

The application of res judicata requires "sufficient identicality between the causes of action asserted in the earlier and later suits." *Apparel Art Int'l, Inc.*, 48 F.3d at 583. In the earlier action, the complaint, which was drafted by the Debtor pro se, complains against Reem for its removing her and her belongings from premises owned by Reem through actions of a constable acting as agent for Reem, all in violation of the automatic stay.  The exact same facts form the basis of Count I against Reem in the Second AP. She contends that in the Second AP, unlike in the first, her count against Reem is based on *respondeat superior*, the notion that the principal, Reem, may be held liable for the actions of its agents, the constables.  It is true that the second complaint relies on that principle, but not that the first does not.  The first complaint, like the second, seeks to hold Reem liable for violations of the stay effected by the constables as Reem's agent. Both are based on the same nexus of operative fact; in fact, I discern no difference at all. There is sufficient identicality between the causes of action.

**iii.**    **Conclusion**

For the reasons stated above, I conclude that res judicata applies here and, accordingly, that the dismissal of the First AP precludes Count I of the Second AP as against Reem.


**ORDER**

For the reasons set forth above, the Motion of Reem Properties LLC for Judgment on the Pleadings is treated as one to dismiss on the basis of res judicata and hereby granted. An order of dismissal regarding the count in question against Reem will enter at the close of the adversary proceeding.


Date:  July 10, 2020

_____
Frank J. Bailey
United States Bankruptcy Judge